**COLORADO DEPARTMENT OF HIGHWAYS, Plaintiff–Appellee,**

**Utah Department of Transportation, Intervenor–Plaintiff–Appellee,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION; James H. Burnley, IV, in his capacity as the Administrator of the Department of Transportation; Federal Highway Administration; Ray Barnhart, Administrator of FHWA; Morris Reinhardt, as Regional Administrator of FHWA, Defendants–Appellants.**

No. 85–2572.

United States Court of Appeals, Tenth Circuit.

Feb. 24, 1988.

Lynn B. Obernyer, First Asst. Atty. Gen., Natural Resources Section, Denver, Colo., and Leland D. Ford, Asst. Atty. Gen., Salt Lake City, Utah (Duane Woodard, Atty. Gen. of Colo., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Denver, Colo., and David L. Wilkins, Atty. Gen. of Utah, Salt Lake City, Utah, with them on the brief), for plaintiffs-appellees.

Christine R. Whittaker, Atty., Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., Robert N. Miller, U.S. Atty., Denver, Colo., and Leonard Schaitman, Atty., Dept. of Justice, Washington, D.C. with her on the brief), for defendants-appellants.

Before McKAY, McWILLIAMS and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiffs-appellees Colorado Department of Highways (Colorado) and Utah Department of Transportation (Utah) challenged the accounting method which the defendant-appellant Federal Highway Administration (FHWA), an entity within the Department of Transportation, determined the states must use to calculate federal reimbursement for construction engineering costs under the Federal–Aid Highway Act (Highway Act). 23 U.S.C. §§ 101–408 (1983). Under the Highway Act, the FHWA is required to apportion authorized reimbursement costs among the states as prescribed by statute. For interstate roads, the portion of the costs that the federal government will reimburse is ninety percent and, for all other roads, is seventy-five percent. *Id.* § 120. The statute limits the amount that may be reimbursed to the states for construction engineering costs. A state will be reimbursed only up to ten percent of the federal share of the cost of construction, but the Secretary may approve a higher limit of fifteen percent if necessary for a particular state. *Id.* §§ 106(c), 121(d). Both Colorado and Utah were approved at the higher rate.

The Highway Act provides two methods by which the federal government can reimburse a state for construction engineering costs. A state may request reimbursement of the actual amounts spent or it may use the optional method provided in 23 U.S.C. § 120(h). Under the optional method, a state may use a percentage of actual construction costs rather than actual engineering costs to calculate the reimbursement, subject to evaluation by the Secretary of the reasonableness of the cost allocation. 23 U.S.C. § 120(h). Both Colorado and Utah have been using the percentage method since 1982.

On October 25, 1983, Colorado filed a complaint in federal district court alleging that the FHWA's interpretation of the percentage allowable under the optional method was contrary to the Highway Act. Specifically, Colorado and Utah alleged that in utilizing the optional method, they should be allowed to compute the rate based upon actual construction engineering costs. The FHWA, however, maintains that the applicable rate must be based upon only reimbursable costs, i.e., those construction engineering costs that do not exceed the fifteen percent maximum allowable costs specified in 23 U.S.C. § 121(d). Utah intervened as a party plaintiff, raising similar challenges to the Secretary's interpretation and seeking similar relief. Both Colorado and Utah requested relief in the forms of an injunction forbidding the agency from continued implementation of its interpretation of the

optional method, and monetary damages to reimburse them for the money not allocated under the Highway Act due to the FHWA's allegedly incorrect accounting method.

The government filed a motion to dismiss for lack of jurisdiction and, in the alternative, a motion for summary judgment. Colorado and Utah also moved for summary judgment. The district court denied the government's motion to dismiss. After oral argument on cross-motions for summary judgment, the court denied the government's motion for summary judgment and granted summary judgment for Colorado and Utah on the merits. After stipulation by the parties, the district court entered judgment for Colorado and Utah in the amount of $845,454.05 and $4,816,772.21, respectively.

The Department of Transportation appeals the judgment. First, it contends that the district court lacks subject matter jurisdiction over this claim pursuant to Fed.R. Civ.P. 12(b)(1) because the Tucker Act, 28 U.S.C. § 1346, vests the Claims Court with exclusive jurisdiction for civil actions against the United States where the amount at issue exceeds $10,000. *See* 28 U.S.C. § 1346(a)(2). Second, it claims that a state may not include nonreimbursable construction engineering costs in calculating a percentage rate under 23 U.S.C. § 120(h). We do not reach the second issue because we agree with appellants that the district court lacked subject matter jurisdiction over this claim, and we therefore reverse.

The Tucker Act (codified at 28 U.S.C. §§ 1346, 1491) is a jurisdictional statute and does not create any substantive right enforceable against the United States for money damages. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). It grants concurrent jurisdiction to the district court and to the Claims Court over money claims against the United States involving amounts less than $10,000, but exclusive jurisdiction to the Claims Court for monetary damages greater than that amount. *Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 823

(10th Cir.1981); *see Richardson v. Morris,* 409 U.S. 464, 465–66, 93 S.Ct. 629, 630–31, 34 L.Ed.2d 647 (1973). Three conditions must be satisfied for the Claims Court to have exclusive jurisdiction: "(1) the action is against the United States; (2) the action seeks monetary relief in excess of $10,000; and (3) the action is founded upon the Constitution, federal statute, executive regulation, or government contract." *Rogers v. Ink,* 766 F.2d 430, 433 (10th Cir.1985); *see* 28 U.S.C. § 1346(a)(2). The Claims Court has exclusive jurisdiction where the " 'prime objective' or 'essential purpose' " of the plaintiff in bringing the suit is to obtain money from the federal government in an amount exceeding $10,000. *Rogers v. Ink,* 766 F.2d at 434 (quoting *New Mexico v. Regan,* 745 F.2d 1318, 1322 (10th Cir. 1984)). Of course, for concurrent or exclusive jurisdiction of the Claims Court, the substantive law upon which the suit is based must permit money damages. *United States v. Mitchell,* 463 U.S. 206, 217, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. at 398, 96 S.Ct. at 953.

■ A party cannot avoid the exclusive jurisdiction of the Claims Court under the Tucker Act merely by artfully pleading injunctive, declaratory or mandatory relief when the purpose of the suit is to obtain money from the United States in excess of $10,000. *Rogers v. Ink,* 766 F.2d at 434; *New Mexico v. Regan,* 745 F.2d 1318, 1322 (10th Cir.1984), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985). Nor may a plaintiff transform a claim for monetary relief into an equitable action simply by requesting injunctive relief that may result in the payment of money. *Rogers v. Ink,* 766 F.2d at 434 (holding that although plaintiffs' first prayer seeks declaratory relief, the underlying purpose of the action was to obtain money from the United States); *accord New Mexico v. Regan,* 745 F.2d at 1322 (holding that State suit to recover federal royalties used to pay a windfall profits tax was within the exclusive jurisdiction of the Claims Court because the States' declaratory relief request was "incidental and subordinate to the basic suit for money"); *Amalgamated Sugar*

*Co. v. Bergland,* 664 F.2d at 824 (holding exclusive jurisdiction of the Claims Court even when plaintiff sought only a declaratory judgment because the actual controversy remaining after the equitable issues were settled concerned monetary relief). The fact that equitable remedies are inadequate, even where requested in the complaint, is one factor that courts may consider in determining whether the claim actually is one for money damages. *See United States v. Mitchell,* 463 U.S. at 227–28, 103 S.Ct. at 2973–74.

■ In the instant case, the three prongs of the *Rogers* test are met. First, the claim was brought against the United States. Second, the suit is based upon a government contract because the Highway Act, the substantive law underlying the action, specifically creates a contractual relationship between the federal government and the state once the Secretary approves the project:

> [T]he State highway department shall submit to the Secretary for his approval, as soon as practicable after program approval, such surveys, plans, specifications, and estimates for each proposed project included in an approved program as the Secretary may require. The Secretary shall act upon such surveys, plans, specifications, and estimates as soon as practicable after the same have been submitted, and his approval of any such project *shall be deemed a contractual obligation of the Federal Government for the payment of its proportional contribution thereto....*

23 U.S.C. § 106(a) (emphasis added). Finally, the action is for monetary damages because both Colorado and Utah requested monetary relief in addition to injunctive and declaratory relief. Colorado requested "judgment in favor the plaintiff for $1,205,040.06, and for further damage(sic) in fiscal years 1984 and beyond." Rec. vol. I, doc. 1 at 7. Similarly, Utah requested "judgment in favor of the Intervenor Plaintiff for the sum of $4,976,843.79 for fiscal year 1982–83 and for the sum of $3,953,643.68 for fiscal year 1983–84 for a total of $8,939,487.47 and for further damages in fiscal

year 1985 and beyond as may be appropriate." *Id.* at doc. 4 at 10. In addition, the district court, by awarding equitable relief, granted monetary damages exceeding $10,000.

Appellees attempt to distinguish the cases in which Claims Court jurisdiction was held exclusive and to analogize the cases finding original or concurrent jurisdiction of the district court. The majority of these cases, however, either support appellant's argument for exclusive Claims Court jurisdiction, are factually distinguishable or are not helpful because the issue of Claims Court jurisdiction was not discussed. For instance, some cases cited did not involve Tucker Act jurisdiction because the action was not founded on the Constitution, a federal statute, an executive regulation, a government contract or a federal question. These cases are inapplicable because, here, the Highway Act creates a contractual relationship between the appellees and the United States. *See, e.g., Maryland Dep't of Human Resources v. Department of Health and Human Services,* 763 F.2d 1441, 1451 (D.C.Cir.1985) (Title XX found not to mandate compensation by the federal government); *B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 727 (2d Cir.1983) (no Tucker Act jurisdiction because there was no underlying contract between the plaintiff and the government); *Tennessee ex rel. Leech v. Dole,* 749 F.2d 331, 335 (6th Cir.1984), *cert. denied,* 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985) (monetary relief based on restitution did not create a "contract-based claim" sufficient to render exclusive Claims Court jurisdiction under the Tucker Act).

Other cases cited by appellees either do not support their argument or, conversely, support the appellants' argument. *See, e.g., California ex rel. Dep't of Transp. v. Department of Transp., Federal Highway Admin.,* 561 F.2d 731 (9th Cir.1977) (Tucker Act jurisdiction not at issue); *Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376, 1379 (9th Cir.1981) (no Claims Court jurisdiction because money damages not sought by plaintiff); *Louisiana Dep't of Highways v. United States,* 604 F.2d 1339 (Ct. Cl.1979) (additional contractual obligation

accepted by Louisiana Department of Highways was not part of contract provisions and specifications approved by FHWA and thus FHWA was not contractually obligated to provide settlement funds).

The district court shall vacate the judgment and dismiss the complaints.

REVERSED.