No. 85–59. NORTH SIDE LUMBER CO. ET AL. *v.* BLOCK, SECRETARY OF AGRICULTURE, ET AL. C. A. 9th Cir. Certiorari denied. ▮▮▮▮▮▮▮▮▮▮

JUSTICE WHITE, dissenting.

This is a suit brought in Federal District Court by various lumber companies who had contracted to purchase timber from the United States. The plaintiffs—petitioners here—seek both a declaratory judgment to the effect that the contracts are void as a matter of federal common law and an injunction restraining the United States from enforcing them. The District Court granted preliminary injunctive relief, but the Court of Appeals for the Ninth Circuit reversed, holding that the District Court lacked jurisdiction over petitioners' underlying claim for declaratory

relief. Although conceding that such a suit arose under federal law for purposes of 28 U. S. C. § 1331, the court concluded that the Tucker Act, 28 U. S. C. §§ 1346 and 1491, impliedly barred the relief sought. The court reasoned that the Tucker Act, under which declaratory relief is not available, see *Richardson* v. *Morris*, 409 U. S. 464 (1973), defined the extent of the United States' waiver of sovereign immunity against the types of claims for which the Tucker Act authorizes monetary relief.[1] Because, in the view of the Court of Appeals, the suit to void the contracts was a "claim against the United States . . . founded . . . upon [an] express or implied contract," 28 U. S. C. § 1346(a)(2), the relief available was governed by the Tucker Act, and declaratory relief was therefore unavailable.

My doubts about the correctness of this ruling and its consistency with the decision of another Court of Appeals lead me to believe that review of the Ninth Circuit's conclusion in this Court is warranted. Even accepting the Court of Appeals' view that the Tucker Act impliedly bars declaratory and injunctive relief in all cases in which assertion of a claim of damages would require invocation of the Tucker Act,[2] the Court of Appeals' conclusion that

---

[1] The court concluded that the United States' general waiver of sovereign immunity against suits seeking relief other than money damages, 5 U. S. C. § 702, was inapplicable by virtue of its proviso, which states that "[n]othing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." The court concluded that the Tucker Act impliedly denied consent to suit for non-monetary relief with respect to all cases involving claims of the type for which the Act authorizes damages actions.

[2] The Tucker Act also applies to claims for damages "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department." 28 U. S. C. §§ 1346(a)(2) and 1491(a). Thus, the Ninth Circuit's reasoning, if taken literally, would also bar a suit for injunctive or declaratory relief against officers of the United States Government founded upon the Constitution, a federal statute, or a federal regulation, even if the claim for declaratory or injunctive relief was not accompanied by a claim for damages. Title 5 U. S. C. § 702, the provision of the Administrative Procedure Act waiving the United States' sovereign immunity against claims other than claims for money damages, would thus be rendered a dead letter. As the Second Circuit has observed, "[a] literal reading of the 'founded either upon' language of § 1491(a) would mean that all claims of wrongful action by federal officials involving more than $10,000 would have to be brought in the Claims Court—a result clearly in conflict with historic practice and with the

petitioners' suit was a "claim against the United States . . . founded . . . upon [a] . . . contract" is highly questionable. In fact, the claim is precisely the opposite of a claim founded upon a contract: it is a claim that no contract exists. At least one United States Court of Appeals has ruled the suits seeking declaratory judgments to the effect that valid contracts *exist* are not claims founded upon a contract for purposes of the Tucker Act. See *B. K. Instrument, Inc.* v. *United States,* 715 F. 2d 713, 726–728 (CA2 1983). If *B. K. Instrument* was correctly decided, it would follow *a fortiori* that a federal common-law claim that a contract does *not* exist is not "founded upon a contract."

The Ninth Circuit's conclusion that a district court lacks jurisdiction to issue a declaratory judgment that a contract between a private party and the United States is void is problematic from another standpoint as well. Had petitioners breached their contracts rather than first seeking a declaratory judgment, the District Court would have had jurisdiction under 28 U. S. C. § 1345 over an action for breach of contract brought by the United States as plaintiff. In such an action, petitioners could have raised as a defense their claim that the contracts were void as a matter of federal common law; and surely no one would argue that, were the defense valid, the District Court would lack *jurisdiction* to declare the contracts void. Why, then, should similar relief be barred in a claim brought in anticipation of the breach? In both cases, the claim is in essence a defense to the Government's contractually based claim; and if petitioners' declaratory judgment action meets ordinary standards of ripeness and arises under federal law for purposes of 28 U. S. C. § 1331, I see no reason to hold that the relief that would be available to petitioners as defendants should be denied them as plaintiffs. In such instances, "[i]t is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative." *Aetna Life Insurance Co.* v. *Haworth,* 300 U. S. 227, 244 (1937). Cf. *Skelly Oil Co.* v. *Phillips Petroleum Co.,* 339 U. S. 667 (1950).[3] The

plain intent of Congress . . . ." *B. K. Instrument, Inc.* v. *United States,* 715 F. 2d 713, 727 (1983).

[3] In *Skelly Oil,* the Court observed:

"Prior to [the Declaratory Judgment] Act, a federal court would entertain a suit on a contract only if the plaintiff asked for an immediately enforceable remedy like money damages or an injunction, but such relief could only be given if the requisites of jurisdiction, in the sense of a federal right or diver-

contrary rule, as announced by the Ninth Circuit in this case, leaves a person who has contracted with the Government but who believes the contract to be void no choice but to breach the contract and assert his claim as a defense, thereby risking liability for damages. I had thought this was precisely the situation the Declaratory Judgment Act was designed to remedy.[4]

Concededly, this case does not at first glance appear to be one of great moment, and I certainly do not mean to express any view of the merits of petitioners' underlying substantive claims. Nonetheless, the Ninth Circuit's expansive reading of the Tucker Act as precluding a declaratory judgment as to the validity of a contract with the United States appears to be in tension with the law of the Second Circuit as well as with ordinary principles governing declaratory actions. I would grant certiorari to consider and resolve the jurisdictional issues this case presents.

---

sity, provided foundation for resort to the federal courts. The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked." 339 U. S., at 671–672.

Of course, the specific holding in *Skelly* was that a declaratory judgment as to the validity of a contract was unavailable where the only basis for federal subject-matter jurisdiction was a federal-law defense to a state-law contract claim. This problem is not present here, as federal jurisdiction is not predicated solely on petitioners' asserted federal-law defense to the contract action. First, the "coercive action" that would be available for resolution of the issues presented—that is, the Government's claim for breach of contract—would be within the District Court's jurisdiction by virtue of 28 U. S. C. § 1345. Second, the coercive action for breach of contract in this case would also arise under federal law for purposes of 28 U. S. C. § 1331, for "[t]he validity and construction of contracts through which the United States is exercising its constitutional functions, their consequences on the rights and obligations of the parties, the titles or liens which they create or permit, all present questions of federal law not controlled by the law of any State." *United States* v. *County of Allegheny,* 322 U. S. 174, 183 (1944). See also *United States* v. *Seckinger,* 397 U. S. 203, 209–210 (1970); *Clearfield Trust Co.* v. *United States,* 318 U. S. 363 (1943).

[4] I do not mean to suggest that the Declaratory Judgment Act, 28 U. S. C. § 2201, itself constitutes consent to suit by the United States. I refer to the policies of the Act only insofar as they bear on the wisdom of construing the Tucker Act to render inoperative in cases of this type the waiver of sovereign immunity found at 5 U. S. C. § 702.