**UNITED STATES of America, Plaintiff,**

v.

**Gerald MOORE, Bonnie F. Moore, Moore–Fite Corporation of Virginia, Gary Moore, Patrick J. O'Brien, and Certified Testing Corporation, Defendants.**

Civ. A. No. 87–101–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

May 31, 1988.

See also 698 F.Supp. 622.

("DOD") as a defendant in this action. Each matter will be addressed in turn.

John F. Kane, Asst. U.S. Atty., Michael McIntyre, U.S. Dept. of Justice, Land and Natural Resources Div., Environmental Enforcement Section, Joseph F. Schive, U.S.E. P.A., Office of Enforcement & Compliance, Washington, D.C., Allyn Stern Office of Regional Counsel, U.S. E.P.A., Region III, Philadelphia, Pa., for plaintiff.

Lawrence J. Lipka, Wayne Lustig, Guy, Cromwell, Betz & Lustig, Newport News, Va., for Patrick J. O'Brien.

Richard N. Shapiro, Virginia Beach, Va., for Gerald A. Moore, Bonnie F. Moore & Moor–Fite Corp. of Va.

## MEMORANDUM ORDER

MacKENZIE, Senior District Judge.

The United States brought this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901–6991i, seeking various forms of relief. The suit arises out of a June 1983 "clean up" of alleged hazardous substances at the "Pembroke Avenue site."

The matter is before the Court, following oral argument, on various motions by three of the defendants—Gerald L. Moore, Bonnie F. Moore, and Moor–Fite Corporation ("defendants")—and by the United States: (1) Defendants request certification of an interlocutory appeal of the Court's Order of March 10, 1988; (2) Defendants' seek dismissal of the complaint as being barred by a three-year statute of limitations or, alternatively, under the doctrine of laches; (3) The United States moves to dismiss defendants' counterclaims,[1] asserting sovereign immunity; and (4) Defendants' seek realignment of the Department of Defense

## I.

### Interlocutory Appeal

By Order dated March 10, 1988, this Court held, among other things, that the statute of limitations contained in 42 U.S.C. § 9613(g) shall not apply retroactively to this case. *Accord T & E Industries, Inc. v. Safety Light Corp.,* 680 F.Supp. 696 (D.N.J.1988); *Merry v. Westinghouse Electric Corp.,* 684 F.Supp. 852 (M.D.Pa.1988). Defendants seek certification of an interlocutory appeal of this ruling under 28 U.S.C. § 1292(b). We find no exceptional circumstances in this case to divert from the normal appellate process and, accordingly, DENY certification. *See, e.g., Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc.,* 317 F.2d 741, 743 (4th Cir.1963).

## II.

### Statute of Limitations of 28 U.S.C. § 2415 and Laches

In light of the Court's holding that 42 U.S.C. § 9613(g) shall not be retroactively applied, defendants seek dismissal of the complaint by application of the three-year tort limitations period of 28 U.S.C. § 2415(b) or, alternatively, under the doctrine of laches.

Prior to the enactment of 42 U.S.C. § 9613(g), the weight of authority held that, being equitable in nature, the doctrine of laches, rather than a statute of limitations, is applicable to CERCLA cost recovery actions such as the instant one. *E.g., United States v. Dickerson,* 640 F.Supp. 448, 451 (D.Md.1986); *United States v. Mottolo,* 605 F.Supp. 898, 902 (D.N.H. 1985). We find no reason to depart from this authority, notwithstanding the fact that this case was brought after Congress enacted § 9613(g). The legislative history behind § 9613(g) indicates that Congress itself felt that no statute of limitations

---

[1] Bonnie Moore did not join in the counterclaims because of her prior motion to dismiss.

Leave is hereby GRANTED to file counterclaims with Gerald Moore and Moor–Fite Corporation.

applied to this type of action. *See, e.g.*, 1986 U.S.Code Cong. & Admin.News 2835, 2861.

■ Thus, this action shall be governed by the doctrine of laches, which is inapplicable when the United States brings suit in its sovereign capacity. *Mottolo*, 605 F.Supp. at 909; *Dickerson*, 640 F.Supp. at 451. Even so, defendants have proffered no facts which would implicate laches.

■ Even if we were to look to an analogous federal statute of limitations, *see Agency Holding Corp. v. Malley–Duff & Associates*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), we would invoke the six-year limitations period of 28 U.S.C. § 2415(a) for implied in law contracts. At least two circuits have applied § 2415(a) to government cost recovery actions under the Federal Water Pollution Control Act, a suit strikingly similar to this CERCLA cost recovery action. We adopt the reasoning of those courts. *United States v. Dae Rim Fishery Co.*, 794 F.2d 1392 (9th Cir.1986); *United States v. P/B STCO 213*, 756 F.2d 364 (5th Cir.1985). No case has been cited by defendants, nor found by this Court, which has applied the three-year tort limitations period of 28 U.S.C. § 2415(b) to cases like the instant one. *See also United States v. C & R Trucking Co.*, 537 F.Supp. 1080 (N.D.W.Va.1982) (§ 2415(a) applied to a government Clean Water Act suit).

Accordingly, defendants' motion to dismiss the complaint as being barred by the statute of limitations, or the doctrine of laches, is DENIED.

### III.

#### *Counterclaims*

The United States seeks dismissal of defendants' counterclaims, asserting its sovereign immunity. Briefly, defendants' counterclaims raise several issues. Count I alleges common law tort and a fifth amendment taking, asserting that the United States improperly removed some 400 fire extinguishers, with a fair market value of $75,000, in the course of its clean-up activity in June 1983. Count II seeks $300,000 in damages against the DOD,

alleging breaches of contract, warranties, and environmental laws. These claims are based upon contracts between DOD and Gerald Moore, whereby DOD sold to Moore the gas cylinders which caused the problems in June 1983. Counts III and IV, respectfully, seek indemnity and contribution from DOD.

The United States presents several arguments in support of its motion to dismiss these counterclaims. We agree that defendants have no remedy under the Federal Tort Claims Act because the claims have not been presented within two years of their accrual. 28 U.S.C. § 2401(b). Likewise, the Court lacks jurisdiction over defendants' constitutional and contractual claims in excess of $10,000 by virtue of the Tucker Act, 28 U.S.C. § 1346(a)(2). *E.g., Chas. T. Main Int'l v. Khuzestan Water & Power Authority*, 651 F.2d 800, 815 (1st Cir.1981); *Thompson v. United States*, 250 F.2d 43, 44 (4th Cir.1957). Finally, the Court lacks jurisdiction over claims based upon contracts entered into on or after March 1, 1979 because of the Contract Disputes Act. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(2); *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1486 (9th Cir.), *cert. denied*, 474 U.S. 931, 106 S.Ct. 265, 88 L.Ed.2d 271 (1985). Any pre-March 1, 1979 contracts are subject to that Act only at the election of the contractor. *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 645 F.2d 966, 972–73 (1981).

■ However, by initiating this suit, the United States has consented to the assertion of counterclaims under the doctrine of recoupment. *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir.1967). "To state a claim in recoupment, a counterclaim must assert a claim arising out of the same transaction or occurrence which is the subject matter of the government's suit and seeks relief only to the extent of diminishing or defeating the government's recovery." *EEOC v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir.1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981). *See also First Nat'l Bank v. Master Auto Service Corp.*, 693 F.2d 308, 310 n. 1 (4th Cir.1982).

Defendants' counterclaims in Counts I and II meet this test for recoupment. Count I concerns the alleged taking by the Government of fire extinguishers *at the exact time* of the clean-up which forms the basis of the Government's suit. Count II seeks recovery against DOD for selling to Moore the cylinders which allegedly caused the environmental hazards upon which this suit is based. This count directly implicates the issue of liability for clean-up costs. It is more like a defense, and thus fits squarely within the doctrine of recoupment. However, since the doctrine precludes any *affirmative* recovery from the United States, *e.g., In re Greenstreet, Inc.*, 209 F.2d 660, 663 (7th Cir.1954), Count II essentially merges with Counts III and IV.

Jurisdiction for Counts III and IV is predicated upon CERCLA, of which the Court of Claims is without jurisdiction. 42 U.S.C. § 9613(b). *Cf. Glover v. Johns–Manville Corp.*, 662 F.2d 225, 232 (4th Cir.1981). The legislative history specifically states that CERCLA establishes federal rights of contribution *and* indemnity. *See* 1986 U.S.Code Cong. & Admin.News 2835, 2861–62, 2940, 3147. Without a determination of the respective liability of the parties, the Court declines to dismiss the indemnity count. Surely if one can seek recovery for another's proportionate share of fault, one can also fully shift liability by seeking indemnity. Section 9607(e)(2) supports this right of indemnification.

Thus, the propriety of asserting contribution and indemnity claims against the United States is governed by CERCLA, which provides that the United States shall be subject to suit "in the same manner and to the same extent, both procedurally and substantively, as any nongovernmental entity ..." 42 U.S.C. § 9620(a). Since a private party is subject to contribution, *a fortiori*, DOD is likewise subject. DOD, however, has settled with the EPA, and thus asserts that it is not amenable to a contribution action. *See* 42 U.S.C. § 9613(f)(2). We disagree.

The DOD–EPA settlement is not an "administrative settlement" within the mean-ing of § 9613(f)(2). No administrative procedures, including any public comment period, have been followed. 42 U.S.C. § 9622(i). Nor has any impartial arbiter determined whether the settlement was reasonable in light of DOD's potential liability. *Cf. United States v. Conservation Chemical Co.*, 628 F.Supp. 391 (W.D.Mo. 1985). Most importantly, we conclude that a settlement between two agencies of the United States is not the sort of settlement envisioned by §§ 9613(f)(2) and 9622(h)(4). The legislative history reveals that Congress was concerned about "sweetheart deals," and thus mandated that certain procedures be followed. *See, e.g.,* 1986 U.S. Code Cong. & Admin.News 2835, 2957–58. No procedures were here followed which would ensure that the settlement was in the public interest. We find it anomalous that the United States could shield one of its agencies from contribution claims by private parties, later sued by the United States, who had no say in the settlement process.

In sum, the United States' motion to dismiss the counterclaims is DENIED. Because the counterclaims do not set forth the precise basis for jurisdiction, defendants shall have *10 days* in which to file an amended counter-complaint. We find that the gist of their claims is that DOD, rather than they, is liable for the June 1983 events. The only other claim concerns the fire extinguishers, a claim so intertwined with the June 1983 clean-up activities. Defendants are reminded that should they elect to seek affirmative relief, aside from recoupment, they can do so only pursuant to the Tucker Act and thus must waive their claims in excess of $10,000. *See United States v. Lockheed L–188 Aircraft*, 656 F.2d 390, 393 n. 6 (9th Cir.1979). Otherwise, any affirmative recovery must be pursued in the Court of Claims.

## IV.

### *Realignment of Parties*

Defendants seek realignment of DOD as a defendant in this action. DOD is presently a plaintiff, seeking contribution

for the amount it has settled for with the EPA.

We find no reason to disturb the alignment of the parties to this action. Settling tortfeasors are often plaintiffs seeking contribution in similar matters. Any problems concerning the examination of witnesses can be effectively dealt with at trial. Finally, it may be improper to place the United States on both sides of the case. *See United States v. Shell Oil Co.,* 605 F.Supp. 1064 (D.Col.1985).

Accordingly, defendants' motion for realignment is DENIED.

IT IS SO ORDERED.