Brady R. JUSTICE, et al., Plaintiffs,

v.

Richard LYNG, Secretary, United States
Department of Agriculture, Defendant.

No. CIV 87–1569–PHX–WPC.

United States District Court,
D. Arizona.

June 14, 1988.

Jack E. Brown, Phoenix, Ariz., Alan R.
Malasky, Washington, D.C., and Bruce E.
Smith, Indianapolis, Ind., for plaintiffs.

Michael A. Johns, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, Senior District Judge.

Defendant Lyng, the Secretary of Agriculture, made a motion to dismiss this action for lack of subject matter jurisdiction, for failure to state a claim on which relief can be granted, and for lack of timely and sufficient service of process.

## I. BACKGROUND

The plaintiffs are wheat, barley and cotton producers who participated in Wheat, Barley, and Cotton Price Support Programs. Included are the seven general partners of Red Mountain Farming Company, the twenty-two general partners of Red Mountain Farms Management Company and the four general partners of the Aztec Partnership.

This action is for a declaratory judgment that Defendant Lyng's administrative determination combining all plaintiffs as "one person" under the 1986 cotton program administered through the Agricultural Stabilization and Conservation Service ("ASCS") was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law under the judicial review provisions of the Administrative Procedure Act. The Secretary of the Department of Agriculture has ultimate responsibility for farm support programs under the Agricultural Act of 1949, as amended, 7 U.S.C. § 1421 *et seq.* The programs are administered by the United States Department of Agriculture (USDA), Agricultural Stabilization and Conservation Service (ASCS).

In 1986 the Deputy Administrator for State and County Operations ("DASCO") ruled that the 33 partners involved in this action must all be combined as "one person" for ASCS purposes. The partners appealed to DASCO, and an administrative hearing was held in November, 1986. In its January 1987 decision, DASCO denied the administrative appeal. Plaintiffs requested reconsideration of the January

1987 decision, and a hearing was held. DASCO affirmed its earlier determination on June 2, 1987. Plaintiffs filed this action in October, 1987 seeking a declaratory judgment. No monetary relief is sought.

## II. SUBJECT MATTER JURISDICTION

Defendant argues that this Court does not have subject matter jurisdiction because the plaintiffs ultimately want to receive money damages in excess of $10,000. The Tucker Act limited the jurisdiction of the United States District Courts to $10,000 in actions in which the plaintiff's case, not sounding in tort, seeks money damages from the United States. *See* 28 U.S.C. §§ 1346(a)(2) and 1491. The Claims Court has jurisdiction if the action is not sounding in tort and is based upon the Constitution, federal statutes, regulations of an executive department, or upon any express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). That jurisdiction is exclusive where the claim exceeds $10,000.

■ The Tucker Act only applies to claims for money damages, *Northside Lumber Co. v. Block,* 753 F.2d 1482 (9th Cir.) *cert denied,* 474 U.S. 931, 106 S.Ct. 265, 88 L.Ed.2d 271 (1985), and does not preclude review by a district court of an agency action when the relief sought is other than money damages. The Act does not limit the jurisdiction of district courts where nonmonetary relief may form the basis for a future money judgment. *Laguna Hermosa Corp. v. Martin,* 643 F.2d 1376, 1379 (9th Cir.1981); *State of Tennessee ex rel. Leech v. Dole,* 749 F.2d 331, 336 (6th Cir.1984).

■ The Claims Court is limited to hearing claims for "actual, presently due money damages from the United States." *King v. United States,* 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *United States v. Testan,* 424 U.S. 392, 398–99, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Congress has amended 28 U.S.C. 1491 and added provisions allowing the Claims Court to grant some nonmonetary relief, but Congress did not intend to confer declaratory judgment authority on the Claims Court.

*Williams Intern. Corp. v. U.S.*, 7 Cl.Ct. 726 (1985).

■ The plaintiffs have filed a declaratory judgment action. While it may, in the future, serve as a basis for a monetary judgment, this action is simply a review of an administrative decision pursuant to the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (1982). The Claims Court does not have the authority to issue a declaratory judgment, and due to the administrative decision there is not an actual, presently due, amount owed. Thus, the plaintiffs need a declaratory judgment before the Claims Court would have jurisdiction. Therefore, this Court is the appropriate forum for the plaintiff's action.

## III. 15 U.S.C. § 714

■ Defendant argues that 15 U.S.C. § 714b(c), which bars attachment, injunction, garnishment, or other similar process against the Commodity Credit Corporation ("CCC"), prohibits the entry of a declaratory judgment against the defendant. The basis for this argument is that the relief requested runs against the CCC because the ASCS determines the number of persons for payment limitation purposes on behalf of the CCC, which is authorized to expend funds for farm programs.

The plaintiffs correctly point out that this action is against the Secretary of Agriculture, not the CCC. The CCC was not involved in the administrative conduct that led to this action. In addition, the plaintiffs prayer for relief requests a declaratory judgment, not injunctive relief. Complaint at 22–23. Declaratory judgments are within the jurisdiction of the federal courts, and are not barred by the enabling legislation for the CCC. *Hall v. Lyng*, 828 F.2d 428, 463 n. 10 (8th Cir.1987). If this Court were to find that this action ran against the CCC and that declaratory judgments were equivalent to injunctive relief, the Secretary would be, in essence, immune from judicial review of administrative decisions concerning the Agriculture Act. That would be a nonsensical result. This Court finds, therefore, that the action does not run against the CCC but rather runs against the named defendant. Further, the action is not an action for injunctive relief.

## IV. RULE 4(j), FEDERAL RULES OF CIVIL PROCEDURE

Rule 4(d)(4) provides that when the United States is a defendant the required service is made:

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States....

An addition, where an officer or agency is named, a copy of the summons and complaint must be sent by registered or certified mail to that officer or agency. Rule 4(d)(5), F.R.C.P.

In this case, the Secretary of Agriculture and the Attorney General of the United States were properly served. There was, however, a defect in the service of the United States attorney. At the time the documents were brought to the U.S. attorney's office, there was not a clerk on duty authorized to accept service. The person on duty accepted the documents from the messenger, but failed to call anyone authorized to accept service. Normal procedure, if there is not a designated person at the front desk, is for the person at the desk to call an authorized person to receive delivery. Defendant's Motion to Dismiss, Declaration of United States Attorney at 2. Five days after the summons and complaint was delivered, an Assistant United States attorney mailed a copy of the summons and complaint to the Department of Justice and the Agriculture Department, pursuant to routine practice. Defendant's Motion to Dismiss, Declaration of Michael A. Johns.

■ Rule 4 is to "be given a liberal and flexible construction." (citations omitted) *Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984). Where the service requirements are

not met dismissal of the complaint is not always required. *Id.* Failure to comply with service requirements does not require dismissal if (a) the party to be served received actual notice, (b) no prejudice to the defendant resulted from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. *Borzeka v. Heckler, supra,* at 447. *See also Hart v. United States,* 817 F.2d 78, 80 (9th Cir. 1987); *Whale v. United States,* 792 F.2d 951, 953 (9th Cir.1986); *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985).

In the instant case, the defendant concedes that there was actual notice to the United States attorney and that the defendant suffers no prejudice from the defect, but argues that the last two prongs of the *Borzeka* test are not met. This Court disagrees. First, there is a justifiable excuse for the failure to serve properly. The defendant did not have an authorized person at the front desk, and the person who was there did not follow procedure and accepted the package without calling out the proper person. Entry into the offices is not permitted; thus deliveries must be made to the person at the desk. Therefore, the failure to properly serve is not due to the inadvertance of counsel or half-hearted attempts to serve. The failure was due to a breakdown in procedure on the part of the United States attorney's office. Second, there would be prejudice to the plaintiff if this case were dismissed. Given the facts of this case, it would simply be forcing the plaintiff to jump through an unnecessary hoop and would result in additional delay. Therefore, this Court finds that the *Borzeka* test is met, and dismissal is not mandated by Rule 4(j), F.R.C.P.

For the foregoing reasons, IT IS ORDERED:

1. That the plaintiff shall again attempt, and the United States attorney shall accept, service of the summons and complaint.

2. The defendant's motion to dismiss is denied.

3. The plaintiff's motion for leave to file supplemental memorandum is denied.