**UNITED STATES of America, Plaintiff,**

v.

**KEYSTONE SANITATION COMPANY, INC.; Kenneth F. Noel, individually and f/d/b/a Keystone Sanitation Company; Anna M. Noel, individually and f/d/b/a Keystone Sanitation Company; Arcata Graphics Fairfield, Inc.; C & J Clark, America, Inc.; The Esab Group, Inc.; The Genlyte Group, Inc.; Hanover Bronze and Aluminum Foundry, Inc.; Kemper Industries, Inc.; R.H. Sheppard Company, Inc.; and SKF USA, Inc., Defendants.**

Civ. A. No. 1:CV–93–1482.

United States District Court, M.D. Pennsylvania.

June 28, 1994.

Robert R. Long, Jr., U.S. Attorney's Office, Harrisburg, PA.

Myles E. Flint, Acting Asst. Atty. Gen., Environment & Natural Resources Div., U.S. Dept. of Justice, Washington, DC.

Lynn Penman, Environmental Enforcement Section, U.S. Dept. of Justice, Washington, DC.

Daniel R. Dertke, U.S. Dept. of Justice, Environ. & Natural Resources Div., Washington, DC.

Robin L. Juni, U.S. Dept. of Justice, Environ. & Natural Resources Div., Washington, DC.

Bernice I. Corman, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC.

Robert B. Hoffman, Reed Smith Shaw & McClay, Harrisburg, PA.

Franklin L. Kury, Reed Smith Shaw & McClay, Harrisburg, PA.

William D. Wick, Crosby, Heafey, Roach & May, Oakland, CA.

Daniel J. Dunn, Holme, Roberts & Owen, LLC, Denver, CO.

Shelley Lorenzen, San Francisco, CA.

Loretta A. Cahill, Holme, Roberts & Owen, Denver, CO.

H. Hamilton Hackney III, Holme, Roberts & Owen, LLC, Denver, CO.

Brian J. Clark, Morgan, Lewis & Bockius, Harrisburg, PA.

Amy L. Donohue–Babiak, Morgan, Lewis & Bockius, Harrisburg, PA.

Kenneth R. Myers, Morgan, Lewis & Bockius, Philadelphia, PA.

John P. Krill Jr., Kirkpatrick & Lockhart, Harrisburg, PA.

Joel Robin Burcat, Kirkpatrick & Lockhart, Harrisburg, PA.

Craig P. Wilson, Harrisburg, PA.

DeAnne Ayers–Howard, Washington, DC.

Richard J. Bindelglass, Secaucus, NJ.

Donald J. Patterson Jr., Beveridge and Diamond, P.C., Washington, DC.

John W. Wilmer Jr., Vorys, Sater, Seymour and Pease, Washington, DC.

Carol Forti, Washington, DC.

Robert E. Scott, Semmes, Bowen & Semmes, Baltimore, MD.

Robert E. Scott Jr., Semmes, Bowen & Semmes, Baltimore, MD.

Philip T. Hundemann, Semmes, Bowen & Semmes, Baltimore, MD.

Lois Reznick, Dechert Price & Rhoads, Philadelphia, PA.

Michael A. Bogdonoff, Dechert, Price & Rhoads, Philadelphia, PA.

Douglas A. Holmberg, Dechert, Price & Rhoads, Philadelphia, PA.

Robert L. McQuaide, Swope Heiser & McQuaide, Gettysburg, PA.

Steven D. Stambaugh, York, PA.

Rees Griffiths, Barley, Snyder, Senft & Cohen, York, PA.

Howard J. Wein, Klett Lieber Rooney & Schorling, Pittsburgh, PA.

Kevin Gaynor, Vinson & Elkins L.L.P., Washington, DC.

Eugene E. Dice, Harrisburg, PA.

William Walter Thompson, Harrisburg, PA.

George Bryan Salzmann, Law Offices of Eugene E. Dice, Harrisburg, PA.

Susan E. Schwab, Rhoads & Simon, Harrisburg, PA.

Charles E. Gutshall, Rhodes and Sinon, Harrisburg, PA.

Colleen A. Lamont, Baltimore Gas and Elec. Co., Baltimore, MD.

Ronald D. Byrd, Baltimore Gas and Elec. Co., Baltimore, MD.

Charles B. Zwally, Mette, Evans & Woodside, Harrisburg, PA.

Robyn J. Katzman, Mette, Evans & Woodside, Harrisburg, PA.

Edith G. Laver, Bethlehem Steel Corp. Legal Office, Bethlehem, PA.

John A. Alzamora, Thomas, Thomas, Armstrong & Niesen, Harrisburg, PA.

Robert J. Cash, Goldshore, Wolf & Lewis, Lawrenceville, NJ.

Joseph E. Erb Jr., Stonesifer & Kelly, Hanover, PA.

Clyde A. Wenschhof Jr., Fairfield, PA.

Richard A. Bramhall Jr., Stock and Leader, York, PA.

Mitchell E. Burack, Pepper Hamilton & Scheetz, Philadelphia, PA.

Colleen F. Coonelly, Pepper, Hamilton & Scheetz, Philadelphia, PA.

Michael D. Richardson, Gardere & Wynne, L.L.P., Dallas, TX.

Samuel I. Gutter, Sidley & Austin, Washington, DC.

J. Patrick McLaughlin, Jenkins & Gilchrist, Dallas, TX.

Lydia B. Duff, Miles & Stockbridge, Baltimore, MD.

Charles R. Schaller, Miles & Stockbridge, Baltimore, MD.

Arthur J. Becker Jr., Countess Gilbert Andrews, York, PA.

David I. Rosenberg, David I. Rosenberg, P.C., Garden City, NY.

Jane Kimball Warren, Cummings & Lockwood, Hartford, CT.

William H. Narwold, Cummings & Lockwood, Hartford, CT.

Robert M. Strickler, Griffith, Strickler, Lerman, Solymos & Calkins, York, PA.

Kathy E.B. Robb, Hunton & Williams, New York City.

Lisa J. Sotto, Hunton & Williams, New York City.

Charles W. Wolf, Gettysburg, PA.

Richard D. Wilkinson, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, NJ.

Thomas C. DeLorenzo, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA.

Baba M. Zipkin, Hall, Dickler, Kent, Friedman and Wood, New York City.

David W. Gray, Lewis & Kappes, P.C., Indianapolis, IN.

John M. Stevens, Foley, Hoag & Eliot, Boston, MA.

Jonathan M. Ettinger, Foley, Hoag & Eliot, Boston, MA.

Louis Zednik, Troy, MI.

George E. Cornelius, Harrisburg, PA.

Daniel M. Darragh, Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA.

Steven F. Faeth, Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA.

Horace A. Johnson, Lemoyne, PA.

James A. Johnson, Lemoyne, PA.

Michael L. Krancer, Blank, Rome, Comisky & McCauley, Philadelphia, PA.

Charles D. Case, Hunton & Williams, Raleigh, NC.

Ethan S. Naftalin, Hunton & Williams, Raleigh, NC.

Michael Walter Flannelly, Countess, Gilbert & Andrews, York, PA.

Walton V. Davis, Gettysburg, PA.

James R. Wendelgass, Reading, PA.

Mark A. Stevens, Wilbraham Lawler & Buba, Philadelphia, PA.

Kim Hollaender, Wilbraham, Lawler & Buba, Philadelphia, PA.

Robert B. Lawler, Wilbraham & Coleman, Philadelphia, PA.

Nan Bernardo, Shanley & Fisher, P.C., Morristown, NJ.

Jayne Pritchard, Shanley & Fisher, P.C., Morristown, NJ.

James Alan Kozachek, Shanley & Fisher, P.C., Morristown, NJ.

Lisa Kershner, Baltimore, MD.

Richard J. Magid, Whiteford, Taylor & Preston, Baltimore, MD.

John L. Senft, Whiteford, Taylor & Preston, Baltimore, MD.

Lisa A. Kershner, Whiteford, Taylor & Preston, Baltimore, MD.

Henry O. Heiser III, Swope, Heiser & McQuaide, Gettysburg, PA.

Harold A. Eastman Jr., Swope, Heiser & McQuaide, Gettysburg, PA.

Thomas E. Lynch III, Miles & Stockbridge, Frederick, MD.

Marian C. Hwang, Miles & Stockbridge, Baltimore, MD.

Catherine Gault, Countess Gilbert Andrews, Gettysburg, PA.

Donald M. Lewis III, Keffer, Wood, Allen & Rahal, Harrisburg, PA.

Patrick H. Zaepfel, Harrisburg, PA.

Carmen S. Smith, Commonwealth of PA, Dep't. of Transp., Office of Chief Counsel, Harrisburg, PA.

Thomas M. Crowley, Commonwealth of Pennsylvania, Dept. of Military Affairs, Annville, PA.

Eclemus Wright Jr., PA Dept. of Military Affairs, Office of Chief Counsel, Ft. Indiantown Gap, PA.

Thomas M. Crowley, PA Dept. of Environmental Resources, Office of Chief Counsel, Harrisburg, PA.

Michael W. Flannelly, Countess Gilbert Andrews, York, PA.

Walter A. Tilley III, Stetler & Gribbin, York, PA.

Brian L. Buniva, Mezzullo & McCandlish, P.C., Richmond, VA.

Timothy M. Kaine, Mezzullo & McCandlish, P.C., Richmond, VA.

James R. Kibler Jr., Mezzulo & McCandlish, P.C., Richmond, VA.

James Bradford McIlvain, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA.

Adrian L. Steel Jr., Mayer, Brown & Platt, Washington, DC.

Thomas R. Gottshall, Sinker & Boyd, P.A., Columbia, SC.

Vincent J. Barbera, Barbera, Clapper, Beener, Rullo & Melvin, Somerset, PA.

Steven E. Speece, Wayne, PA.

David R. Beane, Stevens & Lee, Wayne, PA.

Robert D. Fox, Manko, Gold & Katcher, Bala Cynwyd, PA.

Jonathan H. Spergel, Manko, Gold & Katcher, Bala Cynwyd, PA.

Edward C. Roberts, Kain, Brown & Roberts, York, PA.

Marc G. Tarlow, Kain, Brown & Roberts, York, PA.

Gregory Barton Abeln, Carlisle, PA.

## MEMORANDUM

RAMBO, Chief Judge.

### I. Introduction

In this action brought pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), as amended by the Superfund Amendments and Reauthorization Act (SARA), 42 U.S.C. § 9607(a), the United States seeks to recover from Defendants costs expended by the Environmental Protection Agency (EPA) in responding to the contamination of the Keystone Sanitation Landfill Site up until September 27, 1990. The complaint also seeks a declaratory judgment as to the liability of the Defendants for response costs incurred by the United States in the future. The eleven Defendants, alleged to be potentially responsible parties (PRPs) under CERCLA, responded with a plethora of affirmative defenses and counterclaims. The court has addressed the affirmative defenses of all Defendants, and the equal protection counterclaim asserted by Kemper Industries, Inc., in memoranda dated June 10, 1994, and June 27, 1994. Now before the court is the motion of the United States to dismiss various other counterclaims filed by the Defendants.

Initially, Defendants asserted counterclaims under CERCLA, §§ 107 and 113, the theory of recoupment, state tort law, and the Pennsylvania Hazardous Sites Cleanup Act (HSCA). Subsequent to the filing of the motion, the Defendants voluntarily dismissed some of the counterclaims. The United States continues to seek dismissal of the counterclaims under CERCLA for judicial review of certain actions taken by the EPA, the HSCA, and recoupment. The specific counterclaims now remaining for the court's review are:

(1) C & J Clark America, Inc.: Counts III (recoupment) and IV (relief under HSCA § 705(a));

(2) The Esab Group: Count I (judicial review of the EPA's June 28, 1991 Unilateral Administrative Order ("UAO") and September 30, 1990 Record of Decision ("ROD")); and Count IV (judicial review of the EPA's rejection of Defendants' first remedial design work plan) (hereinafter "Defendant's first work plan");

(3) The Glenlyte Group, Inc.: Count I (judicial review of EPA's rejection of first work plan); and Count II (recoupment);

(4) Hanover Bronze and Aluminum Foundry, Inc.: Count I (judicial review of EPA's rejection of Defendant's first work plan); and Count II (recoupment);

(5) Kemper Industries, Inc.: Count II (judicial review of EPA's rejection of Defendant's first work plan);

(6) Sheppard Company, Inc.: Counts III and IV (relief under HSCA §§ 702(a) and 705(a));

(7) SKF USA, Inc.: Count III (recoupment); Count IV (relief under HSCA § 705(a)); and Count V (judicial review of EPA's rejection of first work plan).

### II. Discussion

 The statutory framework pertinent to this action was set forth in the court's memoranda of June 10, 1994, and June 27, 1994, and need not be recounted herein. Nor will the court belabor the legal issues raised by the parties in their briefing of the motion to dismiss. It is beyond dispute that the general rule of Eleventh Amendment sovereign immunity protects the United States from suit for acts taken in its sover-

eign capacity. The immunity can be waived by express consent only, and the terms of any consent define and limit the court's jurisdiction. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (citation omitted). Courts are to recognize a waiver of sovereign immunity only if it has been unequivocally expressed, and must construe it strictly in favor of the United States. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986).

CERCLA sets forth a limited waiver of immunity for actions taken by the EPA when it is acting in its sovereign capacity, as it unquestionably is in a CERCLA response action. *United States v. Atlas Minerals & Chemicals, Inc.*, 797 F.Supp. 411, 419–21 (E.D.Pa.1992). The statutory waiver is explicit. Section 120, 42 U.S.C. § 9620, provides that the United States and all of its agencies are subject to CERCLA, including § 107 liability. This waiver is limited to instances in which the United States has acted as a business, that is, as an owner, generator, or transporter of hazardous waste. Thus, if agencies and departments within the federal government dispose of waste at a site subject to a CERCLA clean-up action, courts appropriately permit contribution actions under § 113(f), in which the PRPs may assert § 107 claims against the United States as a potentially responsible party. *See, e.g., United States v. Hardage*, 750 F.Supp. 1460 (W.D.Okla.1990). Defendants have asserted such claims here, and the United States has not moved to dismiss them.

**A.** *Claims Under Pennsylvania's HSCA*

The counterclaims asserted under Pennsylvania's Hazardous Sites Cleanup Act essentially requested that the court find the United States a party responsible for contamination of the Keystone Site under that Act, and seek relief from a share of the clean-up costs as permitted under that Act. At least one Defendant also frames the HSCA counterclaim as an attempt to obtain tort damages

for harm allegedly caused by the EPA in cleaning up the Keystone Site.

▮▮▮▮ The court found no statutory waiver, and no other basis in law, that suggests Defendants should be permitted to utilize the HSCA to assert a contribution or setoff claim against the United States. Moreover, the HSCA contribution claim is repetitious, given Defendants' ability to utilize a CERCLA § 113 contribution action. Further, insofar as the HSCA counterclaim can be read as a tort damages claim, the court agrees with those courts that have held that CERCLA's waiver of immunity does not extend to the EPA's clean-up of hazardous waste sites because, in doing so, it is acting in its sovereign capacity and not as a business. *See, e.g., United States v. Atlas Minerals & Chem., Inc.*, 797 F.Supp. at 420 (collecting cases). To reason otherwise is to ignore the rules of sovereign immunity and the plain language of CERCLA's waiver of immunity. The court will grant the United States' motion to dismiss the HSCA counterclaims.

**B.** *Judicial Review*

Generally, CERCLA § 113(h) establishes a bar to private party challenges to the EPA's selection of response actions prior to completion of such actions. *Boarhead Corp. v. Erickson*, 923 F.2d 1011, 1018 (3d Cir.1991). CERCLA, however, specifically permits judicial review of the EPA's actions in five specific circumstances. Each of the five circumstances is tied to the time that a type of CERCLA action is filed. One circumstance is the filing of a § 107 cost recovery action. *See* 42 U.S.C. § 9613(h). Inasmuch as the right of judicial review is unequivocally stated in the statute,[1] the debate frequently centers, as it does here, on whether the triggering action relied on in § 113(h) is applicable to the type of review requested. The EPA's predictable approach to judicial review is to limit it as much as possible, and the environmental defense bar's approach, just as predictably, is to expand it as much as possible.

Here, the Defendants' have requested review of the EPA's September 30, 1990 Rec-

---

**1.** To the extent that a request for judicial review under § 113 can be so characterized, it too is a

permissible counterclaim to a CERCLA action brought by the United States.

ord of Decision ("ROD"), its June 28, 1991 Unilateral Administrative Order ("UAO"), and its November 30, 1993, rejection of Defendants' first remedial design work plan. Several parties also requested approval of the first remedial design work plan. Defendants, however, have submitted a second remedial design work plan, which has received conditional EPA approval. Therefore, the court agrees with the United States that for all practical purposes, the parties' request for review of the November 30, 1993, rejection is moot.

■ The court finds that the time is ripe for judicial review of the ROD and the UAO. Section 113(h)(1) expressly provides that judicial review of the EPA's selection of response activities is appropriate once the United States has filed a § 107 cost recovery action. That is the case here. The United States argues, however, that the time for judicial review is not ripe, because the ROD and UAO were issued after September 27, 1990, the date up to which the United States requests recovery of response costs in this action. The United States further urges that judicial review of a selected remedy must await its completion.

The parties variously rely on and dispute the extent of the relevance of *Boarhead Corp. v. Erickson supra,* and *United States v. American Color & Chem. Corp.,* 832 F.Supp. 106 (M.D.Pa.1993) to this matter. In *Boarhead Corp. v. Erickson,* a private party sought to enjoin the EPA from performing pre-clean-up CERCLA actions on a historic piece of property until it conducted appropriate review of the property under the another federal statute, the National Historic Preservation Act of 1966, 16 U.S.C. §§ 470 *et seq.* ("Preservation Act"). None of the CERCLA actions listed in § 113(h) had been filed at the time the party brought suit. The Third Circuit held that although the Preservation Act generally conferred jurisdiction to hear a private right of action challenging planned action that would affect a historical piece of property, the limitation on judicial review set forth in § 113(h) overrode the grant of jurisdiction in the Preservation Act, where none of the five circumstances set

forth in § 113(h) was present. *Boarhead Corp. v. Erickson,* 923 F.2d at 1019.

In *United States v. American Color,* another judge of this district interpreted § 113(h) and *Boarhead Corp. v. Erickson* as precluding the court's jurisdiction to enjoin EPA's implementation of a particular remedial action. In that case, a § 107(a) cost recovery action had been initiated, and the United States sought costs for all past response actions and for those that would be taken up to the time of trial. The *American Color* court denied the request for an injunction against the EPA on the ground that the clear mandate of *Boarhead* is that § 113(h) creates an absolute bar against all judicial interference with a pending remedial action. *United States v. American Color,* 832 F.Supp. at 112. The court explained its reasoning further:

> While the courts have routinely couched the section § 113(h) jurisdiction bar as prohibiting judicial review prior to completion of the remedial action, or some discrete phase thereof, the more accurate characterization is that it is not judicial review that is prohibited pre-completion, but judicial relief in the form of an injunction or any other action which would in any way interfere with or delay EPA's implementation of a chosen remedy. Federal courts are permitted to *review* the selection of a remedy before completion of the remedial action when the United States files an enforcement action seeking costs incurred. That will occur in this case. As the United States points out in its brief, defendants can challenge EPA's selection of a remedial action via an affirmative defense to EPA's claim for costs incurred. *Id.* at 112–113.

As with other issues addressed in this CERCLA action thus far, the court must make decision without the benefit of clear authoritative precedent. In deciding that judicial review is appropriate in this case, the court has considered that: (1) the plain language of the statute states that judicial review of the EPA's removal and remedial action is permissible once a § 107 action is filed, and does *not* state that completion of the action is a prerequisite for judicial re-

view; (2) despite the *American Color* court's interpretation of *Boarhead*, it is questionable whether *Boarhead* stands for the proposition that judicial interference with a pending remedial action is absolutely barred in every circumstance pending completion of the remedial action; (3) in any case, the Defendants here have not requested an injunction against the implementation of the ROD or the UAO; (4) although the United States has identified September 27, 1990, as the cut-off date for recovery of response costs, and the ROD and UAO are dated after that, they certainly must refer to and rely on actions taken prior to September 27, 1990; and (5) as a practical matter, the ROD and UAO will become subject to the court's review as part of the Defendants' defense of inconsistency with the national contingency plan (NCP).

## C. *Recoupment*

■ Recoupment is a common law, equitable doctrine that permits a defendant to assert a defensive claim aimed at reducing the amount of damages recoverable by a plaintiff. *Berger v. City of North Miami*, 820 F.Supp. 989, 991 (E.D.Va.1993). To prevail on a recoupment claim, a defendant must show: (1) that the recoupment claim arises out of the same transaction or occurrence as the government's suit; (2) that the recoupment claim seeks the same type of relief as is sought by the government; and (3) that the claim is purely a defensive set-off and does not seek affirmative recovery from the government. *United States v. Atlas Minerals*, 797 F.Supp. at 421 (citations omitted). A number of courts agree that a recoupment counterclaim in a CERCLA action is not barred by sovereign immunity. As one court has expressed it:

> Although the government's sovereign immunity requires the court to dismiss the defendants' counterclaims, it does not require the court to dismiss the defendants' recoupment claims since such claims do not require a waiver of sovereign immunity.... A waiver ... is not necessary because a recoupment claim simply allows a court to examine an entire transaction, once the government has decided to bring suit.

*United States v. Atlas Minerals*, 797 F.Supp. at 421 (citations omitted); *see also, United States v. Iron Mountain Mines*, 812 F.Supp. 1528, 1552 (E.D.Cal.1992). The notion that a recoupment counterclaim is permissible in a CERCLA action is premised on the theory that the United States clearly expressed a waiver of sovereign immunity when it brought suit. *See, e.g., United States v. Shaner*, No. 85–1372, 1992 WL 154652 (E.D.Pa. June 12, 1992) at *9 (relying on *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir.1967)).

Although the court believes a recoupment claim would provide a vehicle for a just and sensible result in certain CERCLA cases, and a number of district courts have permitted it, the court is not entirely persuaded it is proper in a CERCLA case. Indeed, the court finds recoupment a rather tortured concept in the context of a CERCLA § 107 cost recovery action. Although it sounds like a defense to the amount of damages (which, as noted in the court's memorandum of June 27, 1994, must be asserted as an NCP inconsistency defense), it is recognized as an independent claim. *See, e.g., United States v. Iron Mountain Mines, Inc.*, 812 F.Supp. 1528, 1552 (E.D.Cal.1992). Therefore, recoupment claims are counterclaims for damages caused by the EPA when it has acted in its sovereign capacity in cleaning up the site, and to allow the claim to go forward requires a waiver of immunity. The express statutory waiver, as noted, is limited, and cannot be relied upon to assert a recoupment claim. Furthermore, although the court agrees with the case law citing the general rule that the government's institution of a lawsuit is a sufficient waiver of sovereign immunity in some circumstances, (e.g., when the government sues a private party in breach of contract), there is no authoritative precedent stating that it is a sufficient waiver in the context of CERCLA's very unique and restrictive statutory scheme.

Indeed, it seems inconsistent with the statutory scheme and the case law pertinent to other CERCLA pleading limitations to say that the waiver requirement for a recoupment claim is satisfied because the government initiated a CERCLA action. If that is

a valid rationale, should other equitable counterclaims be permitted as well? What happens, then, to the settled law pertinent to defensive pleading, which recognizes only a few limited defenses to liability and costs, and does not permit counterclaims that attempt to subvert these limitations. *See, e.g., United States v. Atlas Minerals,* 797 F.Supp. at 419–20.[2] Overall, the sovereign immunity issue is not settled to the court's satisfaction as it relates to the propriety of recoupment counterclaims in a CERCLA action.

Aside from the threshold sovereign immunity question, those courts that have permitted recoupment counterclaims to a CERCLA action have analyzed the issue with varying approaches. This variation stems primarily from the first element of the claim, which requires the court to determine whether the EPA's suit and the recoupment claim "arise out of the same transaction." As the *Atlas Minerals* court recognized, to make this determination, the court first must interpret the phrase "same transaction." *See United States v. Atlas Minerals,* 797 F.Supp. at 422 n. 23. If the EPA's CERCLA claim is characterized as arising out of the PRPs' past actions, while the recoupment claim is characterized as arising out of the EPA's actions during the clean-up, it might be logical to say that the two do not arise from the same transaction. Under this rationale, some courts, despite holding that sovereign immunity presents no bar to a recoupment claim, have dismissed the claim for failure to satisfy the first element. *See e.g., United States v. Hardage,* 750 F.Supp. at 1519.

Taking a broader view, other courts have treated any claims connected to the clean-up of the site, including the EPA's suit, as arising from the "same transaction." For example, in *United States v. Moore,* 703 F.Supp. 455 (E.D.Va.1988), the court permitted a CERCLA defendant to assert a claim in recoupment for the government's alleged taking of property during clean-up operations, and its sale of defective gas cylinders that allegedly caused part of the contamination. In *United States v. Iron Mountain, supra,* the court permitted a CERCLA defendant to assert a recoupment claim for damages to equipment, minerals, and property allegedly caused by the government during its' clean-up operation. The *Iron Mountain* court stated: "To the extent that [defendant's] recoupment claim arises out of plaintiff United States' response actions, it is logically related to plaintiff's claim for the costs of those actions, and thus arises from the same transaction or occurrence." *United States v. Iron Mountain,* 812 F.Supp. at 1552. Thus, recoupment counterclaims have received varying treatment in CERCLA cases, depending upon the court's view of the "same transaction" element.

Compounding the theoretical uncertainty is the fact that, as a practical matter, the recoupment doctrine may provide no relief to the CERCLA defendant in addition to that which can be obtained from asserting the defense of inconsistency with the NCP. In fact, it is fair to question whether CERCLA defendants in general assert recoupment claims as a creative means of expanding the NCP inconsistency defense. Here, for example, the Defendants assert not that the United States destroyed property belonging to them, but that in the process of the remedial actions taken thus far, it caused additional contamination to the Keystone site for which they should not be held liable. In any event,

---

2. Although the issue is slightly different, the court finds instructive the Third Circuit's holding in *Boarhead Corp., supra,* that CERCLA's limitation on judicial review overrides the jurisdiction granted by other statutes. By similar reasoning, the Third Circuit might hold that the general rule that sovereign immunity is waived when the United States files a suit is trumped by the express and limited waiver of immunity set forth in CERCLA § 120. In the *Boarhead Corp.* opinion, the Third Circuit touched on the issue but unfortunately stopped short of giving clear guidance. *See Boarhead Corp. v. Erickson,* 923 F.2d at 1017–18 n. 11.

On the other hand, the court queries whether there is a point at which the EPA's actions are so misguided it can be held to have stepped outside of the protected role of "acting in its sovereign capacity" under CERCLA. As with judicial immunity, there may be a point at which actions are viewed as insufficiently related to the duties associated with the cloak of immunity. Neither of these theories has been argued, however, and the court declines to pursue them at this time. Nor does the court mean to insinuate a view as to the propriety of the EPA's actions in this or any other matter.

the court questions whether the government's causing of additional contamination and charging of the resulting clean-up costs to CERCLA defendants can be held to be consistent with the NCP. In short, it would not appear that the recoupment claims are necessary to afford. Defendants' relief from the costs associated with cleaning up such additional contamination.

The court appreciates Defendants' concerns that there should be some vehicle for assigning liability to the United States, or at least limiting a CERCLA defendant's liability, when the United States has caused damage in the course of a site clean-up. On the other hand, the viability of a recoupment counterclaim in a CERCLA action brought by the United States remains questionable, in this court's view. To accommodate both concerns, the court believes it best to defer ruling on the Defendants' recoupment claims pending further development of the case. The court follows the approach in *United States v. Atlas Minerals*, as it finds it both sensible and fair. There, the court appreciated the Defendants' concern that the NCP defense might not afford them protection from paying for mistakes allegedly made by the EPA in conducting a clean-up operation, but also questioned whether the NCP defense would serve the defendants' interests. The court deferred ruling on the recoupment claim pending further development of the case. *United States v. Atlas Minerals*, 797 F.Supp. at 422 & nn. 22–24.

This court offers two additional observations in favor of deferring the ruling on Defendants' recoupment counterclaims. First, absent an unusual occurrence, this case promises to be around for some time to come, which may afford the Third Circuit the time to address the issue. Second, the scope of discovery should not be affected whether or not the court dismisses the recoupment claim now, because the discovery pertinent to the NCP inconsistency defense should parallel that which would be pertinent to a recoupment claim.

### III. *Conclusion*

The Defendants' counterclaims under Pennsylvania's Hazardous Sites Cleanup Act are not permitted in this action because CERCLA contains no waiver of immunity for such claims. The Defendants' counterclaim for judicial review of the EPA's denial of their first remedial design work plan is moot. The Defendants' counterclaims for judicial review of the EPA's ROD and UAO may go forward. The court will defer ruling on the issue of recoupment pending further development of the case. An appropriate order will be entered.