114 F.3d 1197
 RICO Bus.Disp.Guide 9307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce YARIAN individually, and as trustee for Bay Trust, a
private trust; and Sylvia Yarian, Plaintiffs/Appellants,
v.
OLD REPUBLIC TITLE COMPANY, a California corporation, fka
"Founders Title Company" ' Old Republic Title Holding
Company, Inc., a California corporation, "The Founders Title
Group, Inc."; Old Republic National Title Insurance
Company, a Minnesota corporation, fka "Title Insurance
Company of Minnesota"; Old Republic Title Insurance Group,
Incorporated, a Delaware corporation; and Old Republic
International Corporation, a Delaware corporation,
Defendants/Appellees.
 No. 95-17219.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1997.
Decided May 22, 1997.
 
 1
 Before: CANBY and RYMER, Circuit Judges, and EZRA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Bruce Yarian, individually and as trustee for Bay Trust, and his wife, Sylvia Yarian, ("the Yarians") appeal the district court's dismissal of their Complaint without leave to amend. The district court held that the Yarians' complaint failed to state a valid RICO claim because it failed to allege any conduct by Old Republic Title Company, et al. ("Old Republic"), other than that considered and rejected as insufficient in the court's order. The court also held that the Yarians did not have standing to sue under RICO because they did not demonstrate that they could plead any injury to themselves caused by illegal acts of the named defendants. In their appeal, the Yarians contend that the district court erred by concluding that amendment of the Yarians' first amended complaint would be futile.[1] For the reasons stated herein, we AFFIRM.
 
 
 4
 We "review denial of leave to amend for abuse of discretion, 'but such denial is strictly reviewed in light of the strong policy permitting amendment.' " Sisseton-Wahpeton Sioux Tribe, et al. v. United States, 90 F.3d 351, 355 (9 th Cir.1996) (quoting Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991)). "Unless this court has a definite and firm conviction that the district court committed a clear error of judgment, it will not disturb the district court's decision." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990) (citing California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir.1987), cert. denied, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988)). Moreover, the district court's discretion is particularly broad where a plaintiff has previously amended the complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990).
 
 
 5
 A. Enterprise Separate and Distinct from Racketeering
 
 
 6
 An "enterprise" for purposes of civil RICO violations, is defined in the Act as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A RICO enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981). A plaintiff may demonstrate the existence of an enterprise "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." Id.
 
 
 7
 Both legitimate and illegitimate associations of individuals or corporations united for illicit purposes could constitute an enterprise. See Turkette, 452 U.S. at 584-85. We have held that "the involvement of a corporation which has an existence separate from its participation in the racketeering activity, can satisfy the enterprise element's requirement of a separate structure." Chang v. Chen, 80 F.3d 1293, 1300 (9th Cir.1996) (citing United States v. Feldman, 853 F.2d 648, 660 (9th Cir.1988)).
 
 
 8
 The district court considered the Yarians' complaint flawed because it failed "to distinguish the enterprise from the RICO violations, and plaintiffs' first amended complaint [did] not provide any allegations of activities conducted by the defendants which are distinct from the illicit transactions that comprise the pattern of racketeering activity."
 
 
 9
 In opposition the Yarians argued that Old Republic had a practice of issuing title insurance in "numerous legitimate escrow and title insurance transactions involving Taldan entities...." Further, the Yarians claimed that the enterprise solicited financial support on various real estate projects. However, if the Old Republic's practice of issuing title insurance and soliciting financial support is what constitutes the enterprise, that same practice cannot also form the basis of the alleged racketeering acts. We agree with the district court that the Yarians' allegations of an enterprise are fatally defective as they show no organization separate and apart from the predicate acts of racketeering.
 
 
 10
 B. Factual Basis for Old Republic's Participation in a Pattern of Racketeering
 
 
 11
 The district court found that the Yarians failed to provide a factual basis for Old Republic's participation in a pattern of racketeering activity. The court found that the Yarians made only the allegation that Old Republic signed an indemnity agreement with Taldan to conceal the scheme from the victims and law enforcement after it was revealed. The district court was correct that the sole act of signing an indemnity agreement would not be enough to demonstrate a "pattern of racketeering activity." See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir.1992) ("a RICO plaintiff must 'show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.' ").
 
 
 12
 This Circuit has applied the Rule 9(b) requirements of pleading with particularity to RICO claims. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir.1989). A RICO claim must attribute specific conduct to individual defendants. Id.
 
 
 13
 The racketeering conduct alleged by the Yarians concerns only fraudulent statements and transactions conducted by Ben-Simon and Rollins--two parties not named as defendants in this case. The Yarians' factual allegations suggest no more than possible negligence on the part of Old Republic. Clearly, mere negligence would not be enough to constitute "participation" in a pattern of racketeering activity.
 
 
 14
 Nor do the Yarians claim that Old Republic is a "participant" based on a theory of respondeat superior. "Plaintiffs do not claim (above) that ORTC was itself the RICO enterprise, thus they do not seek to impose liability on ORTC through respondeat superior to avoid a possible defendant-enterprise distinction issue of law problem ..." The district court was correct in concluding that other than by conclusory allegations, the Yarians failed to allege facts to support Old Republic's participation in the alleged racketeering conduct. As no amendment could cure this defect, the case was properly dismissed without leave to amend.
 
 
 15
 Because this court concludes that a RICO suit cannot be maintained under the facts of the case, there is no need to address the Yarians' standing to bring the action.
 
 
 16
 The decision appealed from is AFFIRMED.
 
 
 
 *
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In their opening brief, the Yarians introduced various arguments and contentions which were not argued at the district court level. We decline to address the Yarians' new factual allegations and claims "[b]ecause these materials were not presented to the district court and therefore are not part of the record on appeal, we cannot consider them." Weinfield v. United States, 8 F.3d 1415, 1419 n. 3 (9th Cir.1993). See also, United States v. Blinder, 10 F.3d 1468, 1477 (9th Cir.1993). In any event, nothing in those papers indicates that the Yarians can state a claim under RICO