**Anna Mae HOWARD, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 95–595C.**

United States Court of Federal Claims.

Jan. 28, 1999.

Anna Mae Howard, Benson, AZ, pro se.

Mark B. Ehrlich, Washington, DC, with whom was Richard E. Rice, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, United States Department of Justice, for defendant. John Nieto, Defense Finance and Accounting Service, was of counsel.

*OPINION*

SMITH, Chief Judge.

This case is before the court on defendant's Motion to Dismiss, or in the alternative, for Summary Judgment and plaintiff's Cross–Motion for Summary Judgment. Plaintiff's claim concerns the Social Security "offset" being applied by the Defense Finance and Accounting Service against her Military Survivor Benefit Plan annuity procured by her late husband.

## FACTS

Plaintiff's second husband, John P. Howard, died on June 17, 1995, having achieved a final grade of Lieutenant Colonel in the United States Air Force. At the time of his death, Lieutenant Colonel Howard was receiving retirement pay from the Air Force. Under the current Survivor Benefit Plan (SBP) statutory scheme, codified at 10 U.S.C. §§ 1447–55 (1994), a participating military member's surviving spouse is entitled to a monthly annuity effective the day after the death of the participating deceased spouse. On June 23, 1995, plaintiff applied for an annuity under the SBP based upon her late husband's participation in that plan while serving in the Air Force. Accordingly, on July 22, 1995, the Defense Finance and Accounting Service (DFAS) established an annuity under the SBP for plaintiff's benefit, effective from June 18, 1995 forward. Because plaintiff was over the age of 62 when her husband died, her annuity benefits were, pursuant to statutory directive, calculated based upon 55% of Lieutenant Colonel Howard's retired pay rate, minus Social Security benefits from Lieutenant Colonel Howard's military service, and reduced by a percentage of 17.5% due to the deceased's election to receive early benefits after age 62.

At the time plaintiff began receiving benefits based upon Lieutenant Colonel Howard's service, she was also receiving widow's benefits from the Social Security funds of her first deceased husband, Mr. Parrish. The Social Security Act only permits an individual to receive a widow's benefit from one former spouse, whichever is larger. See 42 U.S.C. § 402(k)(2)(B). As a result, plaintiff was not entitled to the smaller widow's benefits which she would have been due from the Social Security funds of Lieutenant Colonel Howard. On August 15, 1995, Plaintiff requested by letter that DFAS cease their reduction of her SBP annuity by the amount of Social Security benefits attributable to Lieutenant Colonel Howard's service. Plaintiff proposed that DFAS "initiate interim action to correct and adjust the offset taken against my SBP annuity in accordance with the instructions contained within U.S. Comptroller General (CG) decision B–203393." On September 5, 1995, Plaintiff filed her complaint for money damages against the government with this court.

In both her August 15, 1995 letter and her complaint, plaintiff contends that DFAS has erred in reducing her monthly SBP annuity benefit by the amount of Social Security benefits attributable to Lieutenant Colonel Howard's military service. If she is correct, her SBP annuity benefits would not be reduced by the (larger) Social Security benefits that she receives as a result of her first husband's death; her annuity would not be reduced by any Social Security benefits received. The government argues, in opposition, that their actions in reducing plaintiff's annuity by Lieutenant Colonel Howard's Social Security benefits have been and are consistent with the applicable statutes.

The government filed a motion to dismiss, or in the alternative, a motion for summary judgment under RCFC 56(d), to which plaintiff responded with what the court deems for present purposes a response and cross-motion for summary judgment. The court finds that oral argument is not necessary, and that the case is ripe for decision on summary judgment. The jurisdiction of this court pursuant to the Tucker Act, 28 U.S.C. § 1491 (1994), is undisputed.

## DISCUSSION

### I. JURISDICTION

This Court has jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994). The Court has jurisdiction over claims for money damages against the United States pursuant to independent statutory rights. *See Cummings v. United States,* 17 Cl.Ct. 475, 479 (1989), *aff'd,* 904 F.2d 45 (Fed.Cir. 1990) ("[I]n order for a claim against the United States founded on statute or regulation to be successful, the provisions relied upon must be contain language which could fairly be interpreted as mandating recovery of compensation from the government.") (citations omitted). In this case, 10 U.S.C. §§ 1447–55 (1994) provides the right to an annuity under a Survivor Benefit Plan. Plaintiff's claim, that she is not receiving all of the money due her pursuant to such a plan,

accordingly falls within our Tucker Act jurisdiction.

## II. COMPUTATION OF SURVIVING WIDOW BENEFITS UNDER 10 U.S.C. § 1451(e)(3)(A)

This court's interpretation of the controlling statute, 10 U.S.C. § 1451(e)(3)(A), determines the outcome of this case. Plaintiff is not entitled to the widow's benefits from the Social Security funds for Mr. Howard because she receives larger widows benefits from the death of Mr. Parrish. If not for the widow's benefits from her first husband, however, plaintiff *would be entitled* to widow's benefits from her second husband. The question is the meaning of "would be entitled" under the controlling statute. Section 1451(e)(3) states:

> (3) An annuity computed under this subsection shall be reduced by the lesser of—
> (A) the amount of the survivor benefit, if any, to which the widow or widower or former spouse *would be entitled* under title II of the Social Security Act (SSA) (42 U.S.C. § 401 et seq.) based solely upon service by the person concerned as described in [the provisions of the SSA] and calculated assuming that the person concerned lives to age 65; or
> (B) 40 percent of the amount of the monthly annuity as determined under paragraph (2).

10 U.S.C. § 1451(e)(3)(A) (emphasis added). There is no dispute that subsection (A) applies to plaintiff's annuity calculation. The dispute centers upon the meaning of the words "would be entitled" because plaintiff's interpretation of this conditional verb is at odds with the government's interpretation. Plaintiff, relying on legislative history, interprets the phrase "would be entitled" to be functionally equivalent to "is entitled". Insofar as plaintiff "is entitled" to no money for widow's benefits under title II of the Social Security Act from the death of Lieutenant Colonel Howard, her argument is that the lesser amount—nothing—should be reduced from her annuity under § 1451(e)(3)(A).

■ The government's argument follows the interpretations of the relevant statutory language in the two appellate cases to have addressed the issue at bar, *Miller v. McGovern*, 907 F.2d 957 (10th Cir.1990), *cert. denied*, 498 U.S. 1082, 111 S.Ct. 952, 112 L.Ed.2d 1040 (1991), and *Weinfield v. United States*, 8 F.3d 1415 (9th Cir.1993). Both cases held that the statutory language, "would be entitled", is "sufficiently broad to include the situation where a person would otherwise be entitled to a Title II survivor benefit, but because of the triggering of another statutory provision will not actually be eligible to receive, nor will he, or she, actually receive payment of the benefit." *Miller*, 907 F.2d at 962; *see Weinfield*, 8 F.3d at 1417 (quoting *Miller*, 907 F.2d at 962). Plaintiff's situation is exactly that—she "would be entitled" to Lieutenant Colonel Howard's Social Security benefits, but is not eligible for them, because of the triggering of 42 U.S.C. § 402(k)(2)(B), which provides that "any individual who is entitled for any month to more than one widow's ... benefit" may receive only one (the largest) such benefit for that month. This provision is triggered in plaintiff's case because the amount of monthly benefits that she has been receiving as an entitlement from her first husband's Social Security record exceeds the benefits she would otherwise receive from Social Security out of Lieutenant Colonel Howard's fund. Although plaintiff does not actually receive the amount of the social security widow's benefits by which her annuity is reduced (she receives a larger amount from a different social security source instead), the statutory scheme treats her as a recipient of those funds.

■ This court sees no reason to diverge from the Ninth and Tenth Circuits, as their understanding of the statutory language appears to be the correct one. Whether or not plaintiff's exact situation was anticipated by Congress, the words of the statute clearly cover the case at bar, and it is not the place of this Court to consider the wisdom of the statute. It is impossible to dispute that plaintiff "would be" entitled to the offset amount but for her eligibility for benefits from her first husband, and this Court does not consider the words "would be" to be synonymous with the word "is".

As the Supreme Court succinctly stated in *Connecticut National Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992):

> [I]n interpreting a statute a court must always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete."

(citations omitted).

As discussed above, the language of 10 U.S.C. § 1451(e)(3) is clear and thus resort to legislative history or agency interpretation is unwarranted. The plaintiff is subject to the offset provision of the statute despite the fact that she is ineligible for Lieutenant Colonel Howard's Social Security benefits.

### CONCLUSION

The court interprets the SBP statute as it has been interpreted in other Circuits: to declare the Social Security offset to plaintiff's SBP annuity based upon the amounts for which she would have been eligible absent her entitlement stemming from her first husband's death. Consistent with this interpretation, the court GRANTS defendant's motion for summary judgment as a matter of law, denies plaintiff's cross-motion for summary judgment, and denies defendant's motion to dismiss as moot.

It is so ORDERED.