

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GAIL M. SCHNEYER,

               Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN,

               Defendant - Appellee.

No. 12-56617

D.C. No. 5:11-cv-00965-JVS-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted June 6, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Gail Schneyer appeals the district court's judgment affirming the decision of the Commissioner of Social Security that the Government Pension Offset ("GPO") provision of the Social Security Act, 42 U.S.C. § 402(k)(5)(A), applied to Schneyer's spousal benefits under 42 U.S.C. § 402(b), and thereby reduced her monthly benefit payment to zero. We have jurisdiction under 28 U.S.C. § 1291. We review the decision of the district court de novo, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), and the district court must affirm an administrative agency's factual conclusions so long as they are supported by substantial evidence, but reviews decisions of law de novo, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We affirm.

The GPO provides that spousal benefits "shall be reduced (but not below zero) by an amount equal to two-thirds of the amount of any monthly periodic benefit payable to such individual for such month which is based upon such individual's earnings while in the service of . . . any State." 42 U.S.C. § 402(k)(5)(A). Schneyer receives a pension from the California State Teacher's Retirement System (CalSTRS), which was originally based on her earnings during her employment with the Alhambra School District until her retirement in 1995. In 2000, the California Legislature created the Minimum Guarantee Monthly Allowance ("MGMA"), Cal. Educ. Code § 24410.5, which established a minimum

pension for retired state educators, with the amount of the pension calculated based on an employee's length of service, regardless of salary. The passage of the MGMA increased Schneyer's monthly pension by approximately $95.

Schneyer argues 1) that the GPO applies only to pensions that are calculated with reference to the amount of earnings an employee received while employed, 2) that the MGMA is not calculated based on earnings, and 3) that because the MGMA is higher than her previous earnings-based CalSTRS pension, the MGMA replaced CalSTRS and made her eligible to receive spousal benefits without the GPO. Assuming, *arguendo*, that her first two arguments are correct, we nonetheless affirm the decision of the district court.[1] The MGMA is not a stand-alone pension, but an amendment to the existing CalSTRS pension regime. The statutory provision that established the MGMA is but one chapter in a lengthy and interconnected set of statutory provisions that set out the CalSTRS retirement program. *See* Cal. Educ. Code §§ 22000-25115 (T. 1, D. 1., Pt. 13, "State Teacher's Retirement System"). CalSTRS informed its members of the MGMA

_____

[1] The Social Security Administration ("SSA") contests both of the legal theories offered by Schneyer. It argues that the GPO applies to all government pensions, whether earnings- or service-based, and that even if the GPO applies only to earnings-based pensions, the MGMA is in fact earnings based because it calculates length of service based upon years of employment, which necessarily entails at least some level of earnings. We need not reach these questions of statutory interpretation, and will not do so here.

program by repeatedly defining it not as a new or independent program, but as an "increase" to the existing benefits package. For these reasons, the earnings-based nature of the overall CalSTRS pension is not affected by the addition of a single element that turns on length of service.

Schneyer raises two other claims, both of which we reject. First, she argues that the SSA is equitably estopped from opposing her suit because in a public document, it restated the language of 42 U.S.C. § 402(k)(5)(A), noting that spousal benefits would not be reduced if an otherwise eligible person is "receiving a government pension that is not based on [that person's] earnings." SSA Publication No. 05-10007. However, "[a] private party seeking estoppel against the government must establish that: (1) affirmative misconduct going beyond mere negligence has occurred; (2) the government's wrongful act will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition of the liability." *Weinfield v. United States*, 8 F.3d 1415, 1419 (9th Cir. 1993) (alterations and internal quotation marks omitted). Schneyer cannot show that any misconduct or injustice has occurred based on the SSA's accurate restatement of the statute, and we decline to reverse the decision of the district court on this ground.

Second, Schneyer requests an order that compels the SSA to release any documents considered during the administrative review process that were not included in the administrative record, and argues that the SSA's prior failure to do so violated her due process rights. 42 U.S.C. § 405(g) requires the SSA to file an administrative record with the district court, which it did. Schneyer cites no authority for further disclosure, and we decline to enter the order she requests.

**AFFIRMED.**